The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.

THE STATE, EX REL. TOWN CAB CO. OF CINCINNATI, *v.* GILMAN, DIR. OF PUBLIC UTILITIES OF CINCINNATI.

(Decided May 1, 1933.)

*Messrs. Peck, Shaffer & Williams,* for plaintiff.
*Mr. John D. Ellis,* city solicitor, for defendant.

HAMILTON, P. J. This is an original action in this court in mandamus. The case was heard on a demurrer filed by the defendant, Edgar Dow Gilman, director of public utilities, challenging the sufficiency of the petition to state a cause of action.

The plaintiff, State, ex rel. Town Cab Company of Cincinnati, in its petition for the writ seeks to compel the defendant Gilman, director of public utilities, to consider its application for a license to operate taxicabs in the city of Cincinnati.

The only ground urged in behalf of the demurrer is that the petition fails to state in its application for license the state license number of the taxicabs which it seeks to operate. Section 702-2, of the Ordinances of the City of Cincinnati is as follows: "Applications for license for public vehicles shall be made by the owner thereof to the Director of Public Utilities upon blanks provided by said Director, and shall set forth the name and address of the owner, the class of public vehicle for which a license is desired, the make, the state license number, the length of time the vehicle has been in use, the number of persons it is capable of carrying, the motor power thereof, the name and address of the person, firm or corporation from whom the vehicle was purchased, and the date of such purchase and any other information required by the Director."

The petition does not set forth in the application any state license number, but follows the requirements of the Code in every other respect.

The defense claims that the omission to state in the application the state license number is fatal to the application, and that this omission appearing in the petition renders it insufficient.

The Code does not set forth in terms that stating the state license number is prerequisite to the consideration of an application, or necessary under Section 702-2(B) of the ordinances for its issue. The ordi-

nance provides that the blanks provided by the director shall set forth, among other things, the state license number. The application which was made a part of the petition states no license number. The reasonable inference therefore is that plaintiff had no state license number. The application might have stated, under the heading of state license number, "None." The ordinance not providing that obtaining a state license number is prerequisite to the consideration of the application, our conclusion is that the petition states a cause of action. The demurrer of the defendant is overruled, with leave to the defendant to plead further to the petition.

*Demurrer overruled.*

Ross and CUSHING, JJ., concur.